**O**

# United States District Court
# Central District of California

UNITED  STATES OF AMERICA,

          Plaintiff,

      v.

NOAH KLEINMAN,

          Defendant.

Case No. 2:11-CR-00893-ODW-2

**ORDER DENYING APPLICATION FOR BAIL PENDING APPEAL [619]**

      Before the Court is Defendant's emergency ex parte application for bail pending his appeal. [619] The Court evaluates the application under the standards set forth in 18 USC §3143.  That section provides in part: "Release or detention pending appeal by the defendant. (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained, unless the judicial officer finds-

      (A)  By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

      (B)  That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a terms of imprisonment or a reduces

1    sentence to a term of imprisonment less than the total of the time already
2    served plus the expected duration of the appeal process." 18 USC §3143(b)
3    The statutory provision is written in the conjunctive.  The court must find by
4    clear and convincing evidence that release of the defendant would not pose a danger
5    or there is no likelihood the person will flee <u>and</u> the appeal is not for the purpose of
6    delay and raises substantial questions of law or fact which will likely result in a
7    release from custody or shortening of the time of incarceration.  None of these
8    elements have been established to the court by clear and convincing evidence.
9
10    This is not the first such motion made by Defendant.  The only new
11    information from the December 2014 request to remain free on bond pending
12    appeal [558] is the unfortunate medical condition of the mother of Defendant's
13    children.  The Court has reviewed the medical records and has no doubt that her
14    situation is dire. Defendant argues that this new information regarding Ms.
15    Lambropoulous constitutes an "exceptional reason" warranting his release pending
16    appeal.
17    While the Court acknowledges the tragedy to be visited upon the young
18    children, what remains unclear is how Defendant's release from custody will do
19    anything other than temporarily delay whatever is to become of those children.
20    18 U.S.C. § 3143(b)(1). Under the Mandatory Detention Act of 1990, violent
21    offenders, as well as those convicted of drug offenses with a maximum sentence of
22    at least ten years in prison and those convicted of any offense with a maximum
23    sentence of life imprisonment or death, are not eligible for release simply because
24    they meet these requirements. 18 U.S.C. § 3143(b)(2). As to such offenders, Congress
25    has imposed an additional condition: Persons subject to the 1990 Act are not eligible
26    for release unless "it is clearly shown that there are exceptional reasons why[their]
27    detention would not be appropriate." 18 U.S.C. § 3145(c).[2] The Court has again
28

considered the arguments presented by Defendant in his initial request for release on bond.

### 1.   FOR CERTAIN OFFENSES, THE DEFAULT IS INCARCERATION FOLLOWING SENTENCING.

We begin with the general proposition that a conviction for a covered offense entails immediate incarceration.   "Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending appeal." *United States v. Garcia* 340 F.3d 1013, 1022.  *Garcia* is the first case published by the Ninth Circuit giving guidance as to the meaning of "exceptional reasons" (18 USC §3245(c).) And while the phrase is not susceptible to a definitive bright line definition, the *Garcia* decision includes a number of non-exhaustive examples of categories a district court should consider in making the determination whether it would be unreasonable to incarcerate a defendant prior to the appellate court's resolution of the appeal.  We do so here.

### a.  Aberrational Behavior

Defendant once again makes the argument that because he had previously been gainfully and legally employed that his foray into marijuana trafficking was nothing more than aberrant behavior.  While that may have been true initially, at some point it became a vocation.  Defendant has been involved in this activity since at least 1999, organizing a complete network including people responsible as growers, with approximately 20 additional people working under the supervision of the grower who prepped the product.  Additional people were responsible for packaging, shipping, securing and negotiating with out of state buyers, bookkeeping, running the front operation of the dispensary and a courier who transported money from and marijuana to buyers.   His people were equipped with encrypted communication devices which effectively undermines his assertion that he thought he was engaged in a legal enterprise.

Defendant contends he was unaware that his conduct was illegal, even under state law. Given the fact that his dispensary was not licensed under state law nor operated in compliance with state law it is difficult to conceive how he held a good faith belief that his conduct was anything but illegal.  Moreover, considering the evidence at trial that vacuum sealed plastic bags of marijuana were secreted in hollowed-out computer towers and shipped across country, coupled with the fact that those involved in the scheme from the growers to those who shipped the product out of state, were equipped with encrypted Blackberry devices to avoid having their communications detected by law enforcement, it is clear that all concerned were aware that they were involved in a criminal enterprise.  In light of all this, the Court, like the jury, is confident that Defendant and each of his co-conspirators appreciated the illegality of their conduct.

There was no evidence that this activity was to be temporary.  This was not a single occurrence or transaction, or a spontaneous action committed without significant planning.  (See U.S.S.G. § 5K2.20(c)(3).)  It was carefully planned and organized with fairly sophisticated measures taken to avoid detection by law enforcement.  Moreover, it was far more lucrative than his previous employment and the Court has been provided with no evidence that he had or has any intention of returning to his previous employment as a tax adviser.  Therefore the Court is not persuaded that this was aberrational and totally out of character where a credible argument could be made that he would not continue to be a danger to society.

**b.  The Length of the Prison Sentence**

From a practical standpoint, the immediate imprisonment of a defendant who is facing a relatively short prison term benefits neither the defendant nor society.  If he is likely to complete service of his sentence prior to his appeal being decided, pursuing the appeal would be an exercise in futility.  Here, Defendant is facing a

sentence of 211 months.  There is no likely chain of events which could result in the delay of a decision of his appeal beyond that point.  Moreover, as the *Garcia* Court has observed, the length of the sentence is a proxy for the seriousness of the offense.  Avoidance of a lengthy incarceration is incentive enough to flee the jurisdiction.  Therefore the Court cannot find by clear and convincing evidence that if given the opportunity Defendant would not flee.

### c.  Imprisonment Visiting Unusually Harsh Hardships Upon Defendant

Defendant offers no argument that there are any factors present which present a circumstance or series of circumstances which would make imprisonment unduly harsh.  Instead he calls the Court's attention to the fact that the mother of his children is critically ill and there exist no suitable family members who are able to provide long-term care for his children.  While this is indeed an unfortunate outcome as far as the children are concerned, it is not an exceptional reason for release pending appeal.  On the contrary, it is a common occurrence when the primary provider for a family is removed from the household.  And as noted earlier, release pending appeal would not afford Defendant the ability to erect a permanent solution to the child care problem.  It merely forestalls the inevitable.  The Court can discern no rational basis to treat a defendant with a family and children differently from one without.  Lastly, this inquiry is directed at the hardships to be suffered by the defendant, not his or her dependents.  There is nothing about the physical or mental condition of the Defendant, nor the nature of his offense which would likely make his incarceration any more onerous than that of any other inmate.  For example, a more persuasive argument could be made in the *Garcia* case involving corrections officers who, for their safety, would have to remain segregated from the general population by reason for their former occupation.

///

### d.  Arguments to be Raised on Appeal

Defendant is required to establish that there exists a "substantial question of law or fact" which could result in the overturning of the conviction, a new trial, a reduced term of imprisonment or other favorable outcome.  Here, he indicates an intention to raise two main issues on appeal: a) The trial court erred in refusing to suppress evidence secured pursuant to a faulty affidavit in support of a search warrant.  He further contends the affidavit did not establish probable cause to conclude that there had been a violation of California law; and b) the Court should have granted the request for an evidentiary hearing on the constitutionality of classifying marijuana as a Schedule I controlled substance.

1.  Defendant challenges the issuance of the search warrant arguing that the affidavit in support of the warrant was insufficient to show that a crime had been committed.  This, however is insufficient to warrant a *Franks* hearing.  There was no offer of proof that the affiant made the statements to intentionally mislead the magistrate or that he entertained serious doubts as to the truth of the assertions made in the affidavit.  *Franks v. Delaware*, 438 U.S. 154, 171 (1978).  The undercover officers filed a sworn statement that they were able to make a cash purchase of marijuana which in the officer's opinion constituted a violation of California Health & Safety Code section 11360(a) which makes it illegal to sell marijuana.  The officers were also told that as a prerequisite to purchasing the marijuana they need not make a contribution of any kind in order to join the "collective."  In the officers' view, this was evidence of clearly illegal activity.  Defendant points to no statement in the affidavit which is alleged to be false other than the conclusions drawn by the officers that the conduct observed constituted a violation of California law.  However, the Court found that the conclusions were both reasonable and correct.  Consequently the searches conducted

pursuant to the validly issued search warrants did not violate the 4th Amendment.

2.  Defendant also takes issue with the court's refusal to hold a hearing on the constitutionality of the inclusion of marijuana as a Schedule I controlled substance.  Congressional authority to regulate the activity involved in this case, including the assignment of certain substances under the Controlled Substances Act (CSA) has already been addressed by the Supreme Court. In addition, the authority of Congress to regulate the growing and distribution of even medically approved marijuana is within Congressional authority under the Commerce Clause. See *Gonzales v. Raich*, 545 U.S. 1; 125 S.Ct. 2195 (2005). A district court cannot, for example, override Congress' policy choice, articulated in a statute, as to what behavior should be prohibited. "Once Congress, exercising its delegated powers, has decided the order of priorities in a given area, it is ... for the courts to enforce them when enforcement is sought."  *TVA v. Hill,* 437 U.S. 153, 194; 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978).

3. Congress has a legitimate interest and a rational justification for its enactment of various drug laws into a comprehensive statute, the CSA. This statutory scheme provides meaningful regulation over legitimate sources of drugs to prevent diversion into illegal channels, and strengthening law enforcement tools (*Gonzales* 125 S.Ct. at 2197) against international and interstate drug trafficking.  To this end Congress enacted the Comprehensive Drug Abuse Prevention and Control Act of 1970, Title II of which is the CSA. To effectuate the statutory goals, Congress devised a closed regulatory system making it unlawful to manufacture, distribute,

dispense, or possess any controlled substance except as authorized by the CSA.  21 U.S.C.§§ 841(a)(1), 844(a).  All controlled substances are classified into five schedules, § 812, based on their accepted medical uses, their potential for abuse, and their psychological and physical effects on the body, §§ 811, 812. Marijuana is classified as a Schedule I substance, § 812(c), based on its high potential for abuse, no accepted medical use, and no accepted safety for use in medically supervised treatment, § 812(b)(1). This classification renders the manufacture, distribution, or possession of marijuana a criminal offense 21 U.S.C.§§ 841(a)(1), 844(a). *Gonzales* 125 S.Ct. at  2201-2204.

### 2.   THE COURT VIEWS LIKELIHOOD OF SUCCESS ON APPEAL AS BEING REMOTE

Initially, it should be noted the court takes issue with the assertion that Defendant has "presented clear and convincing evidence that he is not likely to flee and is not a danger." (Emergency ex parte application at p. 6.)  The Court is anything but convinced.  He has residential property in the Philippines and apparently no ties to the U.S. other than his two children, who are as mobile as he would be should he be released.  His illegal activities generated large sums of money, some of which presumably has gone to funding his defense.   However, there has been no declaration by him or anyone else, that he is now insolvent.  His conduct over more than a decade amply demonstrate that he has no respect for the law.  Defendant is facing a considerable amount of time in prison and has every incentive to flee.

In addition, the Court does not share Defendant's optimistic view of a reversal of his conviction on appeal.  In truth the Court concludes the appeal is designed for the purpose of delay.  As it was pointed out frequently at trial, Defendant was

prosecuted, tried and convicted of violation of *federal* drug laws.  To that, he has literally no defense and offered none at trial.  To continue to argue that it is unfair that state law is not as restrictive as federal law is not an argument likely to prevail on appeal.

As at trial, Defendant seems to focus on an argument that his conduct may have been legal under state law.  Whether that is true or not is largely irrelevant.  He was indicted, tried and convicted of violation of the federal controlled substances laws.  Whether or not marijuana should or should not be classified as a Schedule I controlled substance is not a question of constitutional significance.  Indeed, his entire argument is that marijuana is misclassified as a Schedule I drug.  Even if one day marijuana may be recognized has having a legitimate use to alleviate some medical symptoms, thus entitling it to be reclassified as a Schedule IV or V, that day has not yet come.   Consequently, it does not save Defendant from his conviction of having violated federal drug laws in this instance.  This is especially so with respect to his activities of selling and shipping marijuana, for profit, across state lines to known drug dealers.  This remains unlawful even under California law.  11360(a) H&S.

There has been no showing that the Mandatory Detention Act should not be applied in this case. The fact that he was born locally, lived the majority of his life here and once upon a time was employed here are not, in the Court's view, significant factors which would keep him here under the circumstances.  This is especially true given the long odds of his success in having his conviction overturned on appeal.

///

///

///

The ex parte application for release on bond pending appeal is DENIED

**IT IS SO ORDERED.**

August 20, 2015                    _____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**